CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

SEP 2 8 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHNATHAN LEE X SMITH[1], Plaintiff, | Civil Action No. 7:09-cv-00370 |
| v. | **MEMORANDUM OPINION** |
| LAWRENCE WANG, et al., Defendants. | By: Samuel G. Wilson United States District Judge |

Plaintiff, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. However, plaintiff has had three previous civil actions dismissed as frivolous.[2] Therefore, plaintiff may not proceed with this action unless he either pays the $350.00 filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

As plaintiff has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury,"[3] the court dismisses his complaint without prejudice.[4]

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to plaintiff.

ENTER: This 26th day of September, 2009.

United States District Judge

---

[1] Plaintiff submits his case under the name "Johnathan Lee X"; however, according to online VDOC records, the name associated with the inmate number that plaintiff provides the court is Jonathan Lee Smith. Smith has filed many cases in this court and in the Eastern District of Virginia, and in many of those cases, the court recognized him as Johnathan Lee X Smith; therefore, the court will refer to plaintiff by the same name in this action to remain consistent.

[2] See Smith v. Ailstock, et al., Civil Action No. 7:95cv00939 (W.D. Va. Aug. 28, 1995); Smith v. Commonwealth of Virginia, et al., Civil Action No. 7:97cv00723 (W.D. Va. Dec. 17, 1997); Smith v. Ailstock, et al., Civil Action No. 3:96cv00339 (E.D. Va. Apr. 23, 1996); Smith v. Mueller, et al., Case No. 96-7602 (4th Cir. Jan. 29, 1997) (recognizing plaintiff as a three-striker under the PLRA).

[3] Plaintiff, who is housed in a non-smoking pod, alleges that he is being exposed to environmental tobacco smoke (also known as second-hand smoke) against his will. He claims that guards are allowed to smoke in the building's control room and that the smoke is exiting the control room through gun ports that are pointed in the direction of his pod. He also claims that he is exposed to the smoke when he enters security offices and at the entrance to his building. As a result of his exposure to this smoke, plaintiff claims that he suffers an increased risk of lung cancer, heart disease, and other respiratory diseases; continual nose bleeds; fear of developing a disease or dying; and emotional and mental distress. The court finds that he has not demonstrated that he is under imminent danger of serious physical injury. Cf. Helling v. McKinney, 509 U.S. 25 (1993).

[4] The court has previously notified plaintiff that he may not file civil actions in this court unless he either pays the filing fee or demonstrates that he is under imminent danger of serious physical injury. Therefore, the court will not give plaintiff additional time to pay the filing fee or amend his complaint.